## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROYT M. VICTORSON, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ALPHA FUNDS TRUST d/b/a EASTERLY FUNDS TRUST, MANAGED PORTFOLIO SERIES, EASTERLY INVESTMENT PARTNERS LLC, PRINCIPAL STREET PARTNERS, LLC, EASTERLY SECURITIES LLC, QUASAR DISTRIBUTORS, LLC, TROY E. WILLIS, CHARLIE S. PULIRE, DARRELL CRATE, NEIL MEDUGNO, A. CLAYTON SPENCER, MICHAEL MONTAGUE, ROBERT J. KERN, DAVID A. MASSART, LEONARD M. RUSH, DAVID M. SWANSON, BRIAN WIEDMEYER, and BENJAMIN EIRICH,<br><br>Defendants. | Civil Action No.: 1:25-cv-06028 |

(Additional caption on following page)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF RICHARD FULFORD FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

RICHARD FULFORD, individually and on behalf of all others similarly situated,

      Plaintiff,

   v.

JAMES ALPHA FUNDS TRUST (d/b/a EASTERLY FUNDS TRUST), MANAGED PORTFOLIO SERIES TRUST, EASTERLY INVESTMENT PARTNERS LLC, PRINCIPAL STREET PARTNERS, LLC (n/k/a CALYDON CAPITAL, LLC), TROY E. WILLIS, CHARLIE S. PULIRE, BENJAMIN J. EIRICH, BRIAN R. WIEDMEYER, ROBERT J. KERN, DAVID A. MASSART, DAVID M. SWANSON, LEONARD M. RUSH, DARRELL CRATE, MICHAEL J. MONTAGUE, NEIL MEDUGNO, CLAYTON SPENCER, QUASAR DISTRIBUTORS, LLC, and EASTERLY SECURITIES LLC,

      Defendants.

Civil Action No.: 1:25-cv-06102

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ........................................................................................................ ii

I.    PROCEDURAL BACKGROUND ................................................................................. 1

II.   SUMMARY OF THE RELATED ACTIONS .............................................................. 3

III.  ARGUMENT .................................................................................................................. 4

      A.    The Related Actions Should Be Consolidated ....................................................... 4

      B.    The PSLRA Standard for Appointing Lead Plaintiff ............................................. 5

      C.    Mr. Fulford Is the "Most Adequate Plaintiff" ....................................................... 6

            1.    Mr. Fulford Has Satisfied the PSLRA's Procedural Requirements ............ 7

            2.    Mr. Fulford Has the Largest Financial Interest in the Relief Sought
                  by the Class ................................................................................................. 8

      D.    Mr. Fulford Is Qualified Under Rule 23 ................................................................ 8

            1.    Mr. Fulford's Claims Are Typical of the Claims of the Class .................... 9

            2.    Mr. Fulford Will Fairly and Adequately Represent the Class's
                  Interests ...................................................................................................... 10

            3.    This Court Should Approve Mr. Fulford's Choice of Counsel ................ 11

IV.   CONCLUSION ............................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert Fadem Tr. v. Worldcom, Inc.*,
No. 02 Civ. 3288 (DLC), 2002 WL 1485257 (S.D.N.Y. July 12, 2002)...................................... 4

*Born v. Quad/Graphics, Inc.*,
No. 19-CV-10376 (VEC), 2020 WL 994427 (S.D.N.Y. Mar. 2, 2020) ........................ 9, 10, 11

*City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*,
No. 23 CIV. 1769 (LGS), 2023 WL 6458930 (S.D.N.Y. Oct. 4, 2023).................................... 11

*Faig v. Bioscrip*,
Nos. 13 Civ. 06922(AJN), 13 Civ. 08175(NRB), 2013 WL 6705045
(S.D.N.Y. Dec. 19, 2013) ...................................................................................................... 4

*FirstFire Glob. Opportunities Fund LLC v. Venture Glob., Inc.*,
No. 25-CV-4642 (JAV), 2025 WL 2098638 (S.D.N.Y. July 25, 2025) ..................... 6, 9, 10, 11

*In re Bear Stearns Co. Inc. Deriv., & ERISA Litig.*,
No. 08 M.D.L. 1963, 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009)................................................ 7

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
No. 16 CIV. 03495, 2016 WL 5867497 (S.D.N.Y. Oct. 4, 2016) ............................................. 9

*In re IMAX Sec. Litig.*,
No. 06 Civ 6128 (NRB), 2009 WL 1905033 (S.D.N.Y. June 29, 2009)................................... 7

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)................................................................................................... 4

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ...................................................................................... 4, 10, 11

*KuxKardos v. Vimpelcom, LTD.*,
151 F. Supp. 3d 471 (S.D.N.Y 2016)....................................................................................... 4

*Li v. Spirit AeroSystems Holdings, Inc.*,
No. 23 Civ. 3722 (PAE), 2023 WL 6938285 (S.D.N.Y. Oct. 20, 2023) .................................. 9

*Logan v. QRx Pharma Ltd.*,
No. 15 Civ. 4868(PAE), 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015)................................... 9

*Michiana Area Elec. Worker's Pension Fund v. Inari Med., Inc.*,
No. 24-CV-3686 (JHR) (JW), 2025 WL 936572 (S.D.N.Y. Mar. 27, 2025) ............................ 7

*Samit v. CBS Corp.*,
   No. 18-CV-7796 (VEC), 2018 WL 11224303 (S.D.N.Y. Nov. 30, 2018) ................................. 8

**Statutes**

15 U.S.C. § 77i ................................................................................................................... 5

15 U.S.C. § 77k ................................................................................................................. 5

15 U.S.C. § 77o ................................................................................................................. 5

15 U.S.C. § 77z ............................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................... 6, 8, 9, 10

Fed. R. Civ. P. 42 ......................................................................................................... 1, 4

Plaintiff Richard Fulford ("Mr. Fulford"), by his counsel, respectfully submits this Memorandum of Law under the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), for entry of an order: (i) consolidating the above-captioned related actions (the "Related Actions") under Rule 42 of the Federal Rules of Civil Procedure; (ii) appointing Mr. Fulford as lead plaintiff; and (iii) approving his selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to serve as lead counsel.

Mr. Fulford believes that with losses of approximately $433,046.51 he has the largest financial interest in the outcome of this litigation, and thus he is presumptively entitled to be appointed lead plaintiff and that his choice of counsel should be approved.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

## I.     **PROCEDURAL BACKGROUND**

Presently pending in this District are two securities class actions brought under Sections 11, 12(a)(2) and 15 of the Securities Act on behalf of all persons who purchased or otherwise acquired shares of the Easterly ROCMuni High Income Municipal Bond Fund (f/k/a the Principal Street High Income Municipal Fund) (the "Fund"). Claims are alleged against:

- James Alpha Funds Trust d/b/a Easterly Funds Trust (the "Easterly Trust") and the Managed Portfolio Series Trust (the "MPS Trust"), who issued shares of the Fund;

- Easterly Investment Partners LLC and Principal Street Partners, LLC, the Fund's current or former investment advisors;

- Troy E. Willis and Charlie S. Pulire, the Fund's portfolio managers at all relevant times;

- Benjamin J. Eirich, Treasurer of the MPS Trust, Brian R. Wiedmeyer, President of

the MPS Trust, Robert J. Kern, David A. Massart, David M. Swanson, and Leonard M. Rush, Trustees of the MPS Trust;

- Darrell Crate, President and Chairperson of the Easterly Trust, Michael J. Montague, the Treasurer and Principal Financial Officer of the Easterly Trust, Neil Medugno and Clayton Spencer, Trustees of the Easterly Trust; and

- Quasar Distributors, LLC and Easterly Securities LLC, the Fund's current or former underwriters (collectively, the "Defendants").

On July 22, 2025, the action captioned *Victorson v. James Alpha Funds Trust, et al.*, 1:25-cv-06028 (the "*Victorson* Action") was filed. ECF No. 1.  Also on July 22, 2025, in accordance with 15 U.S.C. § 77z-1(a)(3)(A)(i) of the PSLRA, notice of the *Victorson* Action was published to class members on *Globe Newswire* advising purchasers of shares of the Fund during the period May 5, 2023 through June 12, 2025 of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and alleged conduct.[1] The notice further advised class members of their right to move the Court to be appointed lead plaintiff by September 22, 2025.

On July 24, 2025, Mr. Fulford filed an action that expanded the class period, alleging claims on behalf of purchasers of the Fund during the period July 29, 2022 through June 12, 2025. *See* ECF No. 1, *Fulford v. James Alpha Funds Trust, et al.*, 1:25-cv-06102 (the "*Fulford* Action"). On July 24, 2025, notice of the *Fulford* Action was published on *Newmediawire*.[2]

Mr. Fulford now moves this Court to be appointed as lead plaintiff for the Related Actions.

---

[1] *See* Declaration of Jeffrey P. Campisi in Support of the Motion of Richard Fulford for Consolidation of the Related Actions, Appointment as Lead Plaintiff and Approval of his Selection of Lead Counsel ("Campisi Decl."), dated September 22, 2025, Ex. A (July 22, 2025 Notice of Pendency of the *Victorson* Action on *Globe Newswire*).

[2] Campisi Decl., Ex. B (July 24, 2025 Notice of Pendency of the *Fulford* Action).

2

## II.    SUMMARY OF THE RELATED ACTIONS

The Fund is a mutual fund that is subject to an extensive regulatory framework designed to safeguard the investing public. *Victorson* Action, ¶27; *Fulford* Action, ¶¶2-3, 41-42, 44. The Related Actions allege that the Offering Materials for the Fund, including registration statements and prospectuses filed on behalf of the Fund with the SEC, represented that the Fund maintained a 15% limitation on illiquid investments, and that Defendants further represented that if a significant amount of the Fund's securities were to become illiquid, the Fund may not be able to timely pay redemption proceeds and may need to sell securities at a significantly reduced price. Defendants further warned of potential future risks, including that if a significant amount of the Fund's securities were to become illiquid, the Fund may not be able to timely pay redemption proceeds and may need to sell securities at significantly reduced price. *Fulford* Action, ¶4.

Unknown to investors, statements made in the Offering Materials in connection with the offer and sale of shares of the Fund were materially false and misleading because: (a) they failed to disclose that a substantial percentage of the Fund's net asset value ("NAV") was concentrated in illiquid assets; (b) they failed to disclose that the safeguards that purportedly limited the Fund's investment in illiquid assets were ineffective and that, consequently, the Fund's investment in illiquid assets exceeded its purported limits; (c) they materially overvalued the reported carrying value of certain of the Fund's assets and overstated the Fund's NAV; and (d) as a result, Fund investors were subject to material undisclosed risks. *Fulford* Action, ¶5.

On June 13, 2025, the undisclosed negative facts and risks concealed from investors came to light when the Fund dumped large portions of its portfolio of illiquid securities, triggering a collapse in the Fund's NAV in a matter of days, wiping out hundreds of millions of dollars in investor capital. *Fulford* Action, ¶6. On June 12, 2025, the reported NAV of the Fund was $6.15 per share. On June 13, 2025, the Fund's NAV collapsed to $4.33 per share, a decline of over 30%.

*Victorson* Action, ¶51; *Fulford* Action, ¶6. As of August 26, 2025, the Fund's reported NAV was $2.95 per share.

### III.    ARGUMENT

#### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall appoint a lead plaintiff "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii); *see also Victorson* Action, ECF No. 8 (citing PSLRA consolidation provision); *Albert Fadem Tr. v. Worldcom, Inc.*, No. 02 Civ. 3288 (DLC), 2002 WL 1485257, at *1 (S.D.N.Y. July 12, 2002). Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *KuxKardos v. Vimpelcom, LTD.*, 151 F. Supp. 3d 471, 474 (S.D.N.Y 2016). The Court has "broad discretion to determine whether consolidation is appropriate" under Rule 42(a). *Faig v. Bioscrip*, Nos. 13 Civ. 06922(AJN), 13 Civ. 08175(NRB), 2013 WL 6705045, at *1 (S.D.N.Y. Dec. 19, 2013) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *KuxKardos*, 151 F. Supp. 3d at 475 (citing *Celotex*, 899 F.2d at 1284-85). Courts have recognized that class action shareholder suits are well-suited for consolidation because unification conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately. *See*, *e.g.*, *Kaplan*, 240 F.R.D. at 92 (consolidating securities class actions with common allegations noting "'the well[-]recognized' principle that the 'consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs'") (internal citation omitted).

The Related Actions concern the same parties, arise out of the same misconduct during substantially similar class periods, and involve substantially similar alleged issues of fact and law. *Compare* complaint filed in *Victorson* Action (at ECF No. 1), *with* Complaint filed in *Fulford* Action, at ECF No 1; *see also Victorson* Action, ECF No. 29 (Aug. 19 Order setting schedule governing the Related Actions); *Fulford* Action, ECF No. 33 (same).[3] Accordingly, consolidation of the Related Actions is warranted.

### B.    The PSLRA Standard for Appointing the Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 77z-1(a)(1), 77z-1(3)(B)(i). Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

(I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

(II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion

---

[3] A Statement of Relatedness has been filed in the *Fulford* Action (ECF No. 4), that states "[t]hese cases are based on many of the same underlying facts, allege similar class periods, share similar defendants, and both actions allege violations of Sections 11, 12 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77i, 77o."

to consolidate any actions asserting substantially the same claim or claims. 15 U.S.C. § 77z-1(a)(3)(B).

Under the Securities Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

> (aa)  has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *FirstFire Glob. Opportunities Fund LLC v. Venture Glob., Inc.,* No. 25-CV-4642 (JAV), 2025 WL 2098638, at *2 (S.D.N.Y. July 25, 2025).

This presumption may be rebutted only with proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 77z-1(a)(3)(B)(iii)(II)(aa)-(bb); *FirstFire*, 2025 WL 2098638, at *2.

## C.      Mr. Fulford Is the "Most Adequate Plaintiff"

Mr. Fulford respectfully submits that he is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. He has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the class, and has losses as a result of his purchase of the Fund of approximately $433,046.51. *See* Campisi Decl., Ex. C (chart of Mr. Fulford's losses); *Fulford* Action, ECF No. 1 (complaint with Mr. Fulford's certification under the PSLRA attached). For purposes of determining the "most adequate plaintiff" under the PSLRA, the longer class period alleged in the *Fulford* Action is analyzed because it is more inclusive as it encompasses more potential class members. *See e.g., In*

*re Bear Stearns Co. Inc. Deriv., & ERISA Litig.*, No. 08 M.D.L. 1963, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (noting that when initial complaints allege multiple class periods "lead plaintiff analysis should utilize the most inclusive class period because it encompasses more potential class members"); *Michiana Area Elec. Worker's Pension Fund v. Inari Med., Inc.*, No. 24-CV-3686 (JHR) (JW), 2025 WL 936572, at *5 (S.D.N.Y. Mar. 27, 2025) (same); *In re IMAX Sec. Litig.*, No. 06 Civ 6128 (NRB), 2009 WL 1905033 at *4 (S.D.N.Y. June 29, 2009).

Finally, Mr. Fulford has selected and retained counsel experienced in the prosecution of securities class actions to represent the class. *See id.*, Ex. D (Firm resume of Kaplan Fox & Kilsheimer LLP).

For these reasons, Mr. Fulford satisfies the PSLRA's requirements and should be appointed lead plaintiff.

### 1. Mr. Fulford Has Satisfied the PSLRA's Procedural Requirements

On July 22, 2025, the *Victorson* Action was filed and Notice was published over the *Globe Newswire* national wire service the same day. *See id.*, Ex. A. Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on September 22, 2025. *See* 15 U.S.C. § 77z-1(a)(3)(A); *Victorson* Action, ECF No. 29 (Aug. 19 Order stating "[m]embers of the class have until **September 22, 2025** to move the court to serve as lead plaintiffs.") (emphasis in original); *Fulford* Action, ECF No. 33 (same). Under the PSLRA's provisions and the Orders of the Court, and within the requisite time frame after publication of the required notice, Mr. Fulford timely moves this Court to be appointed lead plaintiff on behalf of all members of the class.

**2.    Mr. Fulford Has the Largest Financial Interest in the Relief Sought by the Class**

Under the PSLRA, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 77z-1(a)(3)(B)(iii). Here, Mr. Fulford suffered substantial losses as a result of purchasing shares of the Fund. *See* Campisi Decl., Ex. C. Mr. Fulford is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movant. Therefore, he believes he is presumptively entitled to appointment as the lead plaintiff.

**D.    <u>Mr. Fulford Is Qualified Under Rule 23</u>**

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representatives. *Samit v. CBS Corp.*, No. 18-CV-7796 (VEC), 2018 WL 11224303, at *1 (S.D.N.Y. Nov. 30, 2018) ("[A] would-be lead plaintiff must make 'only a prima facie showing that the requirements of Rule 23 are met,' and the

8

Court need only consider Rule 23's typicality and adequacy-of-representation requirements"); *Born v. Quad/Graphics, Inc.*, No. 19-CV-10376 (VEC), 2020 WL 994427 at *1 (S.D.N.Y. Mar. 2, 2020) (same); *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16 CIV. 03495, 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *FirstFire*, 2025 WL 2098638, at *3 ("at this preliminary stage, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'"). As detailed below, Mr. Fulford satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as lead plaintiff for the Related Actions.

### 1.    Mr. Fulford's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Born*, 2020 WL 994427, at *2; *Li v. Spirit AeroSystems Holdings, Inc.*, No. 23 Civ. 3722 (PAE), 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023).

The claims asserted by Mr. Fulford are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. He purchased shares of the Fund as did each member of the proposed class and was damaged thereby. *Logan v. QRx Pharma Ltd.*, No. 15 Civ. 4868(PAE), 2015 WL 5334024, at *3 (S.D.N.Y. Sept. 14, 2015) (finding typicality requirement met where movants' claims and injuries arose from same conduct from which other class members' claims and injuries arose). Thus, Mr. Fulford satisfies the typicality requirement of Rule 23(a).

**2.      Mr. Fulford Will Fairly and Adequately Represent the Class's Interests**

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A lead plaintiff is adequate when: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Born*, 2020 WL 994427, at *2 (citing *Kaplan*, 240 F.R.D. at 94). "An adequate lead plaintiff 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *FirstFire*, 2025 WL 2098638, at *3.

Here, Mr. Fulford's interests are aligned with the members of the proposed class, and there is no evidence of any antagonism between Mr. Fulford's interests and those of the class. As detailed above, Mr. Fulford's claims raise similar questions of law and fact as claims of the members of the class, and his claims are typical of the members of the class.

Further, Mr. Fulford has demonstrated his adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff.  *See* Campisi Decl., Ex. E (Declaration of Richard Fulford, dated August 27, 2025); Fulford *Action*, ECF No. 1 (complaint with Mr. Fulford's certification attached). Mr. Fulford understands that a lead plaintiff is required to oversee counsel and direct litigation on behalf of the class, stay apprised of all material developments of the litigation, and that as lead plaintiff, he would owe duties to the class to act in its best interest. *See* Ex. E. Having suffered substantial losses, Mr. Fulford will be a zealous advocate on behalf of the class.

In addition, Mr. Fulford has selected Kaplan Fox—counsel highly experienced in prosecuting securities class actions—to represent him and the proposed class. *See id.*, Ex. D.  Thus, the close alignment of interests between Mr. Fulford and other class members, and his strong desire

to prosecute claims on behalf of the class, provide ample reason to grant his motion for appointment as lead plaintiff for the Related Actions. Accordingly, Mr. Fulford satisfies the prerequisites for appointment as lead plaintiff under the Securities Act.

### 3.    This Court Should Approve Mr. Fulford's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *see also Born,* 2020 WL 994427, at *3 ("[T]he PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval.") (citing *Kaplan,* 240 F.R.D at 96). In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience. *FirstFire*, 2025 WL 2098638, at *3; *City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 23 CIV. 1769 (LGS), 2023 WL 6458930, at *7 (S.D.N.Y. Oct. 4, 2023).

Mr. Fulford has retained Kaplan Fox to file moving papers on his behalf seeking appointment as lead plaintiff and to serve as lead counsel to pursue this litigation on behalf of him and the class. Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, including in this District.  *See* Campisi Decl., Ex. D. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Fulford respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint him as lead plaintiff; (3) approve his selection of Kaplan Fox as lead counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated: September 22, 2025

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

*/s/ Jeffrey P. Campisi*

Jeffrey P. Campisi
Brandon Fox
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
jcampisi@kaplanfox.com
bfox@kaplanfox.com

*Counsel for Movant Richard Fulford*

12

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum of law contains 3,439 words and complies with the type-volume limitation of Local Civil Rule 7.1(c) of the Local Rules of United States District Courts for the Southern and Eastern District of New York, dated January 2, 2025, and the Individual Practices in Civil Cases of the Hon. Denise Cote, United States District Judge, effective December 19, 2024. I also certify that this brief complies with the typeface and type style requirements of Local Civil Rule 7.1(b)(1)(2)(3).

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi

**CERTIFICATE OF SERVICE**

I, Jeffrey P. Campisi, hereby certify that, on September 22, 2025, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi
