# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROYT M. VICTORSON, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-06028-DLC |
| Plaintiff, | |
| v. | |
| JAMES ALPHA FUNDS TRUST d/b/a EASTERLY FUNDS TRUST, et al., | |
| Defendants. | |
| RICHARD FULFORD, individually and on behalf of all others similarly situated, | Case No. 1:25-cv-06102-DLC |
| Plaintiff, | |
| v. | |
| JAMES ALPHA FUNDS TRUST (d/b/a EASTERLY FUNDS TRUST), et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF WILLIAM CONSIDINE, JENNIFER MAURAN, WAYNE CONSIDINE, AND MAUREEN CONSIDINE'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

William Considine, Jennifer Mauran, Wayne Considine, and Maureen Considine (collectively, the "Considine Family") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, *et seq.,* (the "PSLRA") for an order: (1) consolidating the above-captioned related actions; (2) appointing the Considine Family as Lead Plaintiff under 15 U.S.C. § 77z-1(a)(3)(B); (3) approving the Considine Family's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons or entities that purchased or otherwise acquired Easterly ROCMuni High Income Municipal Bond Fund f/k/a Principal Street High Income Municipal Fund (the "Fund") shares between July 29, 2022 and June 12, 2025, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

The Considine Family believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on its financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, the Considine Family satisfies the relevant requirements of Rule 23, as its claims are typical of other class members' claims and it is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, the Considine

Family respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, the Considine Family's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

The Fund is an open-end management investment company, commonly known as a "mutual fund," registered under the Investment Company Act of 1940, as amended ("1940 Act"). The investment objective of the Fund is to provide current income exempt from regular federal income tax, and offers Class A (ticker: RMJAX), Investor Class (ticker: RMHVX) and Class I shares (ticker: RMHIX), and formerly offered Class A (ticker: GSTFX), Investor Class (ticker: GSTEX), and Institutional Class shares (ticker: GSTAX). Shares of the Fund were offered on a continuous basis. The class of shares differs in terms of minimum purchase requirements and fees.

A hallmark of an open-end mutual fund is that it must be able to convert some portion of its portfolio holdings into cash on a frequent basis because it issues redeemable securities. Investors in mutual funds can redeem their shares on each business day and by law must receive their pro rata share of the fund's net assets or its cash value within seven calendar days after receipt of a redemption request. Accordingly, because open-end funds hold themselves out at all times as being prepared to meet these redemption requirements, they have a responsibility to manage the liquidity of their investment portfolios in a manner consistent with those obligations.

The complaints filed in this action allege that, throughout the Class Period, Defendants made false and misleading statements, as well as failed to disclose material adverse facts about the Fund's business, operations, and prospects. Specifically, Defendants failed to disclose to

investors: (1) that the Fund had marked tens of millions of dollars' worth of its portfolio assets at artificially inflated prices that did not reasonably reflect the fair value of those assets; (2) that the Fund had implemented a fundamentally flawed pricing and valuation methodology that systematically inflated the Fund's net asset value ("NAV") and individual asset valuations; (3) that the Fund was more heavily invested in illiquid assets than disclosed in the Offering Materials; (4) that the Fund's assets were more closely correlated and less diversified than disclosed in the Offering Materials; (5) that, as a result of the foregoing, the Fund's stated NAV, NAV per share, individual asset valuations, and historical performance were materially overstated; (6) that, as a result, the Fund was subject to a material undisclosed risk of a sudden collapse in the price of Fund shares; and (7) as a result, Defendants' positive statements about the Fund's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On June 13, 2025, the Fund abruptly slashed the value of its shares by 30%, with the value of shares continuing to fall in subsequent days. Industry news source The Bond Buyer reported the collapse was indicative of Fund-specific issues like "flawed pricing," "illiquidity," and the fact that the Fund was insufficiently "diversified." The article further noted that the Fund was heavily invested in junk investments with a "lack of credit transparency." According to the article, many bonds traded at a massive discount to their previously evaluated prices, including one instance where an investor paid just four cents ($0.04) for what had previously been represented as $3.2 million in bonds for a metal recycling company.

The total net assets of the Fund have collapsed from over $230 million as of March 31, 2025 to less than $17 million as of July 8, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Fund's securities, the Considine Family and other class members have suffered significant losses and damages.

## III.    PROCEDURAL BACKGROUND

On July 22, 2025, Plaintiff Troyt M. Victorson commenced a securities class action against the Defendants captioned *Victorson v. James Alpha Funds Trust d/b/a Easterly Funds Trust, et al*, Case No. 1:25-cv-06028-DLC (the "*Victorson* Action," and with the *Fulford* Action, the "Related Actions"). It was brought pursuant to the Securities Act of 1933 (the "Securities Act") on behalf of purchasers of Fund shares between May 5, 2023 and June 12, 2025, inclusive.

On July 24, 2025, Plaintiff Richard Fulford filed a related lawsuit captioned *Fulford v. James Alpha Funds Trust d/b/a Easterly Funds Trust, et al*, Case No. 1:25-cv-06102-DLC (the "*Fulford* Action," and with the *Victorson* Action, the "Related Actions"). It is also brought pursuant to the Securities Act on behalf of purchasers of Fund shares during a class period spanning July 29, 2022 through June 12, 2025, inclusive.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present similar legal issues. Each action alleges violations of the Securities Act, each presents similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal

4

Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation").

### B.       The Considine Family Should Be Appointed as Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, the Considine Family satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. The Considine Family has, to the best of its knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, the Considine Family is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the class. Accordingly, the Considine Family respectfully submits that it should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    The Considine Family Filed a Timely Motion

The Considine Family has made a timely motion in response to a PSLRA early notice. On July 22, 2025, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, the Considine Family had sixty days (*i.e.*, until September 22, 2025) to file a motion to be appointed as lead plaintiff. As purchasers of Fund shares during the Class Period, the Considine Family is in the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certifications, the Considine Family attests that its members have reviewed the complaint, and are willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, the Considine Family satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    The Considine Family Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). At the time of this filing, the

Considine Family believes that it has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

The Considine Family purchased Fund shares during the Class Period, and as a result, suffered financial harm of approximately $611,701.01. *See* Linkh Decl., Ex. C. To the best of their knowledge, members of the Considine Family are not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, the Considine Family believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. The Considine Family Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's

typicality and adequacy requirements. *Id.* at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) The Considine Family's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

The Considine Family's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, the Considine Family alleges that Defendants' material misstatements and omissions concerning the Fund's business, operations, and financial prospects violated the federal securities laws. The Considine Family, like all members of the class, purchased Fund shares in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, the Considine Family's interests and claims are "typical" of the interests and claims of the class.

### b) The Considine Family Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

The Considine Family has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and its financial losses ensure that it has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. William, Jennifer and Wayne are siblings, and Maureen is married to Wayne. They

all reside in Rhode Island, except for William, who resides in Arizona. They are all retired and have college degrees. They were all involved in a family business, Wayne Distributing, until it was sold in approximately 10 years ago. The Considine Family is not aware of any conflict between its claims and those asserted on behalf of the class. As such, the Considine Family is adequate to represent the class and should be appointed as lead plaintiff.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, the Considine Family has retained Glancy Prongay & Murray LLP to pursue this litigation on its behalf and will retain the firm as the class's lead counsel in the event it is appointed lead plaintiff. Glancy Prongay & Murray LLP possess extensive experience in securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V.    CONCLUSION

For the foregoing reasons, the Considine Family requests that the Court grant its Motion and enter an Order (1) consolidating the Related Actions; (2) appointing the Considine Family as Lead Plaintiff; (3) approving its selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: September 22, 2025            **GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants William Considine, Jennifer Mauran, Wayne Considine, and Maureen Considine, and Proposed Lead Counsel for the Class*

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel for the Considine Family certifies that this brief contains 2,802 words, which complies with the word limit of L.R. 7.1(c).

/s/ Gregory B. Linkh
Gregory B. Linkh

11

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On September 22, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 22, 2025, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh