**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TROYT M. VICTORSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ALPHA FUNDS TRUST d/b/a EASTERLY FUNDS TRUST, et al.,<br><br>Defendants. | Case No. 1:25-cv-06028-DLC |
| RICHARD FULFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ALPHA FUNDS TRUST (d/b/a EASTERLY FUNDS TRUST), et al.,<br><br>Defendants. | Case No. 1:25-cv-06102-DLC |

**THE CONSIDINE FAMILY'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF RICHARD FULFORD FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF HIS SELECTION OF LEAD COUNSEL</u>**

Lead Plaintiff Movants William Considine, Jennifer Mauran, Wayne Considine, and Maureen Considine (collectively, the "Considine Family") submit this memorandum of law in opposition to the Motion of Richard Fulford ("Fulford") for Consolidation of the Related Actions, Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel (Dkt. No. 52), and in support of the Considine Family's motion for appointment as lead plaintiff and approval of counsel (Dkt. No. 56).[1] The Considine Family should be appointed as lead plaintiff and its selection of counsel should be approved because the Considine Family has the largest financial interest, and the Considine Family and its counsel are adequate to represent the class.

## I. INTRODUCTION

Only the Considine Family and Fulford filed motions seeking appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or group that has the "largest financial interest in the relief sought by the class" and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

---

[1] All lead movants agree that the related actions should be consolidated. As such, only appointment of lead plaintiff and approval of lead counsel are addressed herein.

1

As demonstrated in the Considine Family's memorandum of points and authorities in support of its lead plaintiff motion (Dkt. No. 57), the Considine Family has the largest financial interest in the relief sought by the class and satisfies the requirements of Rule 23. As such, the Considine Family is the presumptively "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(iii).

Since the Considine Family is the presumptively most adequate plaintiff, and the presumption has not been rebutted, the Considine Family should be appointed as lead plaintiff, and its selection of counsel should be approved.[2]

## II.    ARGUMENT

### A.    The Considine Family Is the Presumptively Most Adequate Plaintiff

The Considine Family satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). First, it filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 56; 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa). Second, the Considine Family satisfies the requirements of Rule 23, as demonstrated in its memorandum of law in support of its lead plaintiff motion. *See* Dkt. No. 57 at 8-10; 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Finally, as explained below, the Considine Family has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008). Of these factors, losses suffered is the most

---

[2] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v).

important. *See id.* at 437. In fact, to determine which movant has the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same, citing *Molex*); *Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) ("The Court accordingly focuses its analysis on that factor.").

Here, the Considine Family has the largest financial interest as measured by three of the four factors courts consider, including loss, the most important factor:[3]

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | Loss |
|---|---|---|---|---|
| Considine Family | 181,991 | 148,208 | $1,083,923 | $619,222 |
| Fulford | 251,048 | 118,075 | $904,168 | $433,047 |

Moreover, the one factor under which the Considine Family does not prevail, gross shares purchased, is the "least important" factor. *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011). Accordingly, the Considine Family has the largest financial interest. Since the Considine Family has the largest financial interest in the relief sought by the class, filed a timely motion, and satisfies the requirements of Rule 23, it is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

**B.      The Presumption that the Considine Family Is the Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). No proof has been presented that the Considine Family

---

[3] *See* Dkt. Nos. 54-3, 59-3 (movants' loss charts).

would be inadequate or subject to unique defenses. To the contrary, the Considine Family is composed of sophisticated individuals who are educated and experienced investors. *See* Dkt. No. 57 at 10.

Moreover, since the Considine Family is composed of family members, there can be no dispute that the Considine Family is an adequate and proper lead plaintiff group under the PSLRA. *See In re McDermott Int'l, Inc. Sec. Litig.*, 2009 WL 579502, at *4 (S.D.N.Y. Mar. 6, 2009) ("As family members, they may be properly considered a 'group of persons' permitted by the PSLRA to be appointed lead plaintiff."). While some courts have required that proposed lead plaintiff groups composed of "unrelated investors" present additional evidence that they are capable of acting cohesively, groups composed of family members "are not a group of 'unrelated investors' and therefore do not have to proffer evidence of cohesiveness." *Batter v. Hecla Mining Co.*, 2020 WL 1444934, at *8 (S.D.N.Y. Mar. 25, 2020). As such, the Considine Family is a proper group under the PSLRA and may "aggregate their losses." *Id.*

The fact that the Considine Family submitted corrections to two members' certifications and loss analysis (*see* Dkt. No. 59) does not render the Considine Family inadequate. *See David v. British Am. Tobacco P.L.C.*, 2024 WL 4351311, at *6 (E.D.N.Y. Sept. 30, 2024) ("[M]inor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement."); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538 (S.D.N.Y. 2015) (same); *see also In re SLM Corp. Sec. Litig.*, 2012 WL 209095, at *8 (S.D.N.Y. Jan. 24, 2012) ("Courts routinely reject criticisms based on errors in certifications, particularly where there is no evidence of bad faith or intent to deceive the court or the parties."); *May v. Barclays P.L.C.*, 2023

WL 5950689, at *16 (S.D.N.Y. Sept. 13, 2023) (same); *Maeshiro v. Yatsen Holding Ltd.*, 2023 WL 4684106, at *9 (S.D.N.Y. July 21, 2023) (same).

While "[c]ourts disfavor movants for such mistakes when the loss estimates are egregiously inflated" (*British American Tobacco*, 2024 WL 4351311, at *6), here the Considine Family's mistakes slightly ***understated*** their loss. *See* Dkt. No. 59; Dkt. No. 59-3; *British American Tobacco*, 2024 WL 4351311, at *6 (appointing a movant whose mistakes "d[id] not demonstrate an effort to exaggerate, obfuscate, or overstate her loss").

Moreover, the Considine Family at all times relied on transaction information provided by its broker, and promptly corrected their certifications when its broker discovered previously unidentified transaction records. *See* S*chueneman v. Arena Pharm., Inc.*, 2011 WL 3475380, at *6 (S.D. Cal. Aug. 8, 2011) (holding that movant's "oversight with respect to the wash-sale adjustments does not render his certification unreliable" where movant's "certification was based on his account statements that were prepared by his broker for tax purposes" and "there is no showing that he acted in bad faith").

As such, the Considine Family is adequate to represent the class and should be appointed as lead plaintiff. Further, since the Considine Family meets all the requirements for appointment as lead plaintiff, Fulford's motion is not entitled to further consideration. *See In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) ("The lead plaintiff determination does not depend on the court's judgment of which party would be the best lead plaintiff for the class, but rather which candidate fulfills the requirements of the PSLRA.").

### C.    The Considine Family's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Moreover, "[t]here is a strong presumption

in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015). Here, the Considine Family's selection of counsel, Glancy Prongay & Murray LLP, has decades of experience successfully representing injured investors. *See* Dkt. No. 58-4. As such, the Considine Family's selection of Glancy Prongay and Murray LLP as lead counsel for the class should be approved.

## III.    CONCLUSION

For the foregoing reasons, the Considine Family respectfully requests that the Court grant its motion and enter an Order: (1) appointing the Considine Family as lead plaintiff; (2) approving its selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (3) denying Fulford's competing motion.

Respectfully submitted,

DATED: October 2, 2025

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants William Considine, Jennifer Mauran, Wayne Considine, and Maureen Considine, and Proposed Lead Counsel for the Class*

6

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel for the Considine Family certifies that this brief contains 1,597 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

7

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 2, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 2, 2025, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh

8