## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROYT M. VICTORSON, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ALPHA FUNDS TRUST d/b/a EASTERLY FUNDS TRUST, MANAGED PORTFOLIO SERIES, EASTERLY INVESTMENT PARTNERS LLC, PRINCIPAL STREET PARTNERS, LLC, EASTERLY SECURITIES LLC, QUASAR DISTRIBUTORS, LLC, TROY E. WILLIS, CHARLIE S. PULIRE, DARRELL CRATE, NEIL MEDUGNO, A. CLAYTON SPENCER, MICHAEL MONTAGUE, ROBERT J. KERN, DAVID A. MASSART, LEONARD M. RUSH, DAVID M. SWANSON, BRIAN WIEDMEYER, and BENJAMIN EIRICH,<br><br>Defendants. | Civil Action No.: 1:25-cv-06028 (DLC) |

(Additional caption on following page)

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF RICHARD FULFORD FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO COMPETING MOTION**

RICHARD FULFORD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

JAMES ALPHA FUNDS TRUST (d/b/a EASTERLY FUNDS TRUST), MANAGED PORTFOLIO SERIES TRUST, EASTERLY INVESTMENT PARTNERS LLC, PRINCIPAL STREET PARTNERS, LLC (n/k/a CALYDON CAPITAL, LLC), TROY E. WILLIS, CHARLIE S. PULIRE, BENJAMIN J. EIRICH, BRIAN R. WIEDMEYER, ROBERT J. KERN, DAVID A. MASSART, DAVID M. SWANSON, LEONARD M. RUSH, DARRELL CRATE, MICHAEL J. MONTAGUE, NEIL MEDUGNO, CLAYTON SPENCER, QUASAR DISTRIBUTORS, LLC, and EASTERLY SECURITIES LLC,

Defendants.

Civil Action No.: 1:25-cv-06102 (DLC)

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    Mr. Fulford Is the Most Adequate Plaintiff and the Presumptive Lead Plaintiff ............... 4

      A.    Mr. Fulford Has the Largest Financial Interest of any Lead Plaintiff
            Movant Under All Relevant Factors .......................................................................... 4

      B.    Mr. Fulford Has Made the Required Showing That He Is Qualified Under
            Rule 23 ...................................................................................................................... 5

II.   The Considine Family Group's Motion Should be Denied ................................................. 7

      A.    This Court Disfavors Group Lead Plaintiffs ............................................................. 7

      B.    The Considine Family Group Is Not an Adequate Lead Plaintiff ........................... 7

      C.    Maureen Considine and Jennifer Mauran Are Not Adequate Plaintiffs ............... 10

III.  CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Born v. Quad/Graphics, Inc.*,
  No. 19 Civ. 10376 (VEC), 2020 WL 994427 (S.D.N.Y. Mar. 2, 2020)..................................5, 6

*Cohen v. Luckin Coffee, Inc.*,
  No. 1:20-cv-01293-LJL, 2020 WL 3127808 (S.D.N.Y. June 12, 2020) ...................................7

*Goldenberg v. NeoGenomics, Inc.*,
  No. 22 Civ. 10314 (JHR), 2023 WL 6389101 (S.D.N.Y Oct. 2, 2023)..............................4, 5, 6

*Gronich v. Omega Healthcare Inv'rs, Inc.*,
  No. 17 Civ. 9024 (NRB), 2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018)...................................5

*In re HEXO Corp. Sec. Litig.*,
  No. 19 Civ. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) ...............................9

*In re Lucent Technologies, Inc., Sec. Litig.*,
  194 F.R.D. 137 (D.N.J. April 26, 2000) ...................................................................................8

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..........................................................................................4

*In re Petrobras Sec. Litig.*,
  104 F. Supp. 3d 618 (S.D.N.Y. May 17, 2015) .........................................................................7

*Int'l Union of Operating Engineers Loc. No. 478 Pension Fund v. FXCM Inc.*,
  No. 15 Civ. 3599 (KMW), 2015 WL 7018024 (S.D.N.Y. Nov. 12, 2015) ...............................8

*Jakobsen v. Aphria, Inc.*,
  No. 18 Civ. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ...............................8

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................................4, 6

*Karp v. Diebold Nixdorf, Inc.*,
  No. 19 Civ. 6180 (LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ..............................9, 10

*Lax v. First Merch. Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997).....................................................4

*Logan v. QRx Pharma Ltd.*,
  No. 15 Civ. 4868 (PAE), 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015)...................................6

*Plaut v. Goldman Sachs Grp., Inc.*,
No. 18-CV-12084 (VSB), 2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019) ............................... 10

*Rodriguez v. DraftKings, Inc.*,
No. 21 Civ. 05739 (PAE), 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) ......................... 10, 11

*Varghese v. China Shenguo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008) ................................................................................. 4, 9

**Statutes**

15 U.S.C. § 77z-1 .................................................................................................................... 1, 2, 7

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. 1, 5, 6, 9

Fed. R. Civ. P. 42 ......................................................................................................................... 1

**Other Authorities**

*In re NovaGold Res. Inc. Sec. Litig.*,
No. 08-cv-7041 (DLC), Transcript of Oral Argument (S.D.N.Y. Oct. 31, 2008) ...................... 7

*In re Weatherford Int'l Sec. Litig.*,
No. 11 CV 1646 (DLC), Transcript of Oral Argument (S.D.N.Y. June 24, 2011) ................ 2, 7

*In re Renewable Energy Group Sec. Litig.*,
No. 21-CV-01832-DLC, ECF No. 37 (S.D.N.Y.) (filed May 12, 2021) ................................... 8

Presently pending before the Court in the above captioned related actions (the "Related Actions") are two competing motions for lead plaintiff appointment (ECF Nos. 52, 56) under the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B).[1]

Under the PSLRA, Richard Fulford ("Mr. Fulford") is presumptively the "most adequate plaintiff" because he is the movant with the "largest financial interest" in the relief sought by the Class and he otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Mr. Fulford he has the largest financial interest of any of the lead plaintiff movants during the Class Period (July 29, 2022 through June 12, 2025), as set forth in the chart below:

| | Lead Plaintiff Movant | Asserted Losses |
|---|---|---|
| 1 | Mr. Fulford | **$433,046 (ECF No. 54-3)** |
| 2 | William Considine | **$253,357.46 (ECF No. 58-3)** |
| 3 | Jennifer Mauran | **$135,690.13 (ECF No. 58-3)[2]** <br> **(Revised $137,634.76) (ECF No. 59-3)** |
| 4 | Maureen Considine | **$130,406.43 (ECF No. 58-3)** <br> **(Revised $135,982.60) (ECF No. 59-3)** |
| 5 | Wayne Considine | **$92,246.99 (ECF No. 58-3)** |

[1] Unless otherwise stated, citations to "ECF No. __" refer to docket entries in the first-filed action, *Victorson v. James Alpha Funds Trust, et al.*, No. 25-cv-06028 (DLC). Each of the pending motions supports consolidation of the Related Actions under Rule 42 of the Federal Rules of Civil Procedure. ECF Nos. 52, 56. Accordingly, the Court may grant the motions to consolidate because they are unopposed.

[2] After the September 22, 2025 statutory deadline for the filing of a lead plaintiff motion, on September 26, 2025 Jennifer Mauran and Maureen Considine each filed a revised sworn certification, claiming that they and their counsel discovered hundreds of thousands of dollars in transactions not reflected in their sworn certifications and loss chart filed at the lead plaintiff motion deadline. ECF No. 59. As discussed *infra*, the post-lead plaintiff deadline corrections to their sworn certifications subject both Jennifer Mauran and Maureen Considine to unique defenses and therefore they are inadequate to serve as lead plaintiffs.

In addition to Mr. Fulford's substantial financial interest and active involvement in this action, his background, education, and experience in the asset and financial management industries demonstrate his sophistication. As stated in his declaration in support of his motion, Mr. Fulford has held senior roles in the investment and asset management industries for the past two decades, he is familiar with the roles and duties of a fiduciary and has served as a fiduciary during his career, and he understands the duties of a lead plaintiff, including overseeing counsel and directing the litigation on behalf of the Class. *See* ECF No. 54-5. Mr. Fulford is well suited to supervise the action and counsel as lead plaintiff under the PSLRA. Only "proof" of inadequacy can rebut the presumption, and there is no proof that Mr. Fulford is inadequacy or atypical. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). Accordingly, Mr. Fulford's motion should be granted.

Four purported family members—William Considine, Wayne Considine, Jennifer Mauran, and Maureen Considine—have banded together and moved for lead plaintiff as a group (the "Considine Family Group"). ECF No. 56. While the Considine Family Group asserts a collective financial interest greater than Mr. Fulford's, as shown above, none individually asserts a greater financial interest than Mr. Fulford. Moreover, this Court and others in this District have consistently rejected lead plaintiff groups. *See e.g.*, *In re Weatherford Int'l Sec. Litig.*, No. 11 CV 1646 (DLC), Transcript of Oral Argument at 7:15-23 (S.D.N.Y. June 24, 2011) (the Court: "I don't prefer groups. I rarely, as in 'never,' appoint a group… I don't generally appoint groups").[3] There is nothing in the Considine Family Group's application that justifies the appointment of four lead plaintiffs in this action. Indeed, in sharp contrast to Mr. Fulford's sophisticated background and

---

[3] *See* Declaration of Jeffrey P. Campisi in Support of the Memorandum of Law in Further Support of the Motion of Richard Fulford for Consolidation of the Related Actions, Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel and in Opposition to Competing Motion, dated October 2, 2025 ("10/2/2025 Campisi. Decl."), Ex. A.

experience, and active involvement in this action, other than boilerplate certifications and generic, unsupported assertions by counsel, there is nothing in the record concerning the Considine Family members' sophistication, whether they have any experience serving as fiduciaries, or their organization or plan for litigation or resolution of disputes, including communication protocols and decision-making procedures. *See* ECF No. 57, at 8-9 (counsel representing family relationship, state of residence and education level).

Finally, two members of the Considine Family Group are subject to unique defenses and are inadequate to serve as a lead plaintiff. After the statutory deadline, the Considine Family Group and "their counsel" purportedly discovered transactions missing, including purchases of nearly $200,000 in shares, from Maureen Considine's and Jennifer Mauran's sworn certifications and loss chart. ECF No. 59. There is no explanation as to why these transactions were not disclosed in their sworn certifications by the statutory deadline or how they "learned" that the transactions were "mistakenly excluded." ECF No. 59. Specifically:

a.  Maureen Considine failed to disclose the purchase and sale of 20,320.68 shares of the Easterly ROCMuni High Income Municipal Bond Fund (f/k/a the Principal Street High Income Municipal Fund) (the "Fund"). The purchase of these shares represents a value of approximately $150,576.24 or approximately 36% of her purported investment in terms of both dollars invested and shares purchased. ECF No. 59-3 at 4.

b.  Jennifer Mauran failed to disclose the purchase and sale of 6,361.06 shares of the Fund. The purchase of these shares represents a value of approximately $46,944.62 or over 15% of her purported investment in terms of both dollars invested and shares purchased. ECF No. 59-3 at 3.

The magnitude of these errors shows more than inadvertent mistake, and such carelessness is inconsistent with the conduct of a fiduciary. Indeed, having already filed certifications under oath that admittedly contain material omissions creates the risk that both Maureen Considine and Jennifer Mauran are subject to the unique defense that they were not truthful in their certifications.

It would not be in the Class's best interest to appoint plaintiffs who have already failed to adhere to the PSLRA's basic requirements and that are subject to unique defenses.

For these reasons, it would be in the best interests of the Class to appoint Mr. Fulford as lead plaintiff.

**I.      Mr. Fulford Is the Most Adequate Plaintiff and the Presumptive Lead Plaintiff**

**A.      Mr. Fulford Has the Largest Financial Interest of any Lead Plaintiff Movant Under All Relevant Factors**

Courts in this District rely on the factors derived from *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), to determine which lead plaintiff-movant has the largest financial interest. *See Goldenberg v. NeoGenomics, Inc.*, No. 22 Civ. 10314 (JHR), 2023 WL 6389101, at *3 (S.D.N.Y Oct. 2, 2023); *Varghese v. China Shenguo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394-95 (S.D.N.Y. 2008). The *Lax/Olsten* factors are: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered. *See Goldenberg*, 2023 WL 6389101, at *3; *Varghese*, 589 F. Supp. 2d at 395 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

As set forth in the chart below, Mr. Fulford has a significantly greater financial interest under all *Lax/Olsten* factors than the individual members of the Considine Family Group during the Class Period:

4

| Movant | LIFO Loss | Net Shares Purchased | Net Buyer (Seller) | Total Shares Purchased |
|---|---|---|---|---|
| Mr. Fulford | $433,046 | 118,075 | $904,167 | 251,048 |
| William Considine | $253,357 | 60,598 | $441,211 | 60,641 |
| Jennifer Mauran | $135,690 | 34,688 | $245,304 | 34,688 |
| (As revised) | $137,635 | 34,688 | $247,249 | 41,049 |
| Maureen Considine | $130,406 | 29,721 | $224,326 | 35,919 |
| (As revised) | $135,983 | 29,721 | $229,901 | 56,240 |
| Wayne Considine | $92,247 | 23,201 | $165,561 | 24,060 |

Accordingly, Mr. Fulford has the "largest financial interest."

**B.      Mr. Fulford Has Made the Required Showing That He Is Qualified Under Rule 23**

Mr. Fulford satisfies Rule 23's typicality and adequacy requirements. Mr. Fulford has filed one of the Related Actions and has demonstrated his willingness to serve as and assume the responsibilities of a lead plaintiff. *See Fulford* Action, ECF Nos. 1, at 32-33 (Mr. Fulford's sworn certification pursuant to the Private Securities Litigation Reform Act of 1995, dated July 23, 2025), ECF No. 46-5 (Declaration of Richard Fulford, dated August 27, 2025). At this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See Goldenberg*, 2023 WL 6389101, at *3; *Gronich v. Omega Healthcare Inv'rs, Inc.*, No. 17 Civ. 9024 (NRB), 2018 WL 1626078, at *3 (S.D.N.Y. Mar. 27, 2018).

The typicality requirement of Rule 23(a) is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *See Goldenberg*, 2023 WL 6389101, at *4; *Born v. Quad/Graphics, Inc.*, No. 19 Civ. 10376 (VEC), 2020 WL 994427, at *2 (S.D.N.Y. Mar. 2, 2020). The claims asserted by Mr. Fulford are based on the same legal theory and arise out of the same course of events as

5

the other purported Class members' claims. He purchased shares of the Fund, as did each member of the proposed Class, at prices artificially inflated by Defendants' allegedly false and misleading statements and was damaged thereby. *See Goldenberg*, 2023 WL 6389101, at *4 (finding typicality requirement met where movants' claims and injuries arose from same conduct from which other class members' claims and injuries arose); *Logan v. QRx Pharma Ltd.*, No. 15 Civ. 4868 (PAE), 2015 WL 5334024, at *3 (S.D.N.Y. Sept. 14, 2015) (same). Thus, Mr. Fulford satisfies the typicality requirement of Rule 23(a).

As to adequacy, under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A lead plaintiff is adequate when: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Goldenberg*, 2023 WL 6389101, at *4; *Born*, 2020 WL 994427, at *2 (citing *Kaplan*, 240 F.R.D. at 94). Here, Mr. Fulford's interests are aligned with the members of the proposed Class, and there is no evidence of any antagonism between Mr. Fulford's interests and those of the Class. As detailed above and in his motion, Mr. Fulford's claims raise similar questions of law and fact as claims of the members of the Class, and his claims are typical of the members of the Class. Moreover, he has selected Kaplan Fox & Kilsheimer LLP, a firm with significant experience in litigating securities class actions, as his counsel. *See* ECF No. 54-4 (Kaplan Fox firm resume).

Accordingly, Mr. Fulford is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, he has the largest financial interest and is qualified under Rule 23. Mr. Fulford's status as the presumptively most adequate plaintiff may be rebutted only

upon **proof** by a member of the purported Class that he "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render [Mr. Fulford] incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). No such proof exists. Mr. Fulford should therefore be appointed lead plaintiff for the Related Actions.

## II.     The Considine Family Group's Motion Should be Denied

### A.     This Court Disfavors Group Lead Plaintiffs

This Court and courts in the Second Circuit have consistently expressed a preference for one lead plaintiff over group lead plaintiffs. *See Weatherford*, Transcript of Oral Argument at 7:15-23; *In re NovaGold Res. Inc. Sec. Litig.*, No. 08-cv-7041(DLC), Transcript of Oral Argument at 24 (S.D.N.Y. Oct. 31, 2008) ("I am going to decline to appoint a group. I don't see any reason to have a group . . . I know nothing about [group members] or not enough to make a judgment that would suggest that I should depart from what would be my regular practice and have co[-]lead plaintiffs.");[4] *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622-24 (S.D.N.Y. May 17, 2015). Nothing in the instant case would justify a departure from the Court's standard practice.

### B.     The Considine Family Group Is Not an Adequate Lead Plaintiff

The Considine Family Group's motion provides scant information regarding the group members, their sophistication, and how they plan to manage this litigation in the best interests of the class. ECF No. 57 at 8-9. Courts require more than boilerplate certifications and unsupported attorney assertions to be assured of a group's adequacy. *See Cohen v. Luckin Coffee, Inc.*, No. 1:20-cv-01293-LJL, 2020 WL 3127808, at *3 (S.D.N.Y. June 12, 2020) (stating group must "proffer an evidentiary showing" that its members "will be able to function cohesively and to effectively manage the litigation apart from their lawyers..."); *Petrobras*, 104 F. Supp. at 622

---

[4] 10/2/2025 Campisi Decl. Ex. B.

(rejecting group lead plaintiff and finding that "courts regularly require proposed lead plaintiff 'groups' to demonstrate their ability to function as a cohesive and independent unit to protect the interests of the class."); *Int'l Union of Operating Engineers Loc. No. 478 Pension Fund v. FXCM Inc.*, No. 15 Civ. 3599 (KMW), 2015 WL 7018024, at *2-4 (S.D.N.Y. Nov. 12, 2015) (finding insufficient lead plaintiff applicant group's "conclusory assurances" regarding proof of ability to effectively manage the litigation); *Jakobsen v. Aphria, Inc.*, No. 18 Civ. 11376 (GBD), 2019 WL 1522598, at *3 (S.D.N.Y. Mar. 27, 2019) (finding proposed lead plaintiff group's "boilerplate assurances" are insufficient proof that they will be able to effectively manage the litigation); *In re Lucent Technologies, Inc., Sec. Litig.*, 194 F.R.D. 137, 152 (D.N.J. April 26, 2000) (denying motion of group of lead plaintiffs where "the Proposed Lead Plaintiffs have failed to demonstrate how they would cooperate efficiently or how the leadership issue would be handled so that control of counsel would be maximized despite the existence of several lead plaintiffs."). Indeed, the Considine Family Group's counsel in the Related Action has asserted this exact point to the Court in a separate action, arguing a group should not be appointed lead plaintiff where its members fail to "proffer an evidentiary showing that its members will be able to function cohesively and effectively manage the litigation apart from their lawyers," fail to submit a detailed communication plan, and otherwise fail to show its members involvement in the action. *See In re Renewable Energy Group Sec. Litig.*, No. 21 Civ. 1832-DLC, ECF No. 37 at 6-8 (S.D.N.Y.) (filed May 12, 2021).

The Considine Family Group's failure to reveal more than the most basic information about its members raises questions about their ability to effectively shepherd this litigation on behalf of the class and supervise counsel.

That the Considine Family Group are family members does not trump the PSLRA's and

8

Rule 23's requirements that the lead plaintiff appointment must be in the best interests of the class. In *Karp v. Diebold Nixdorf, Inc.*, No. 19 Civ. 6180 (LAP), 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019), the court declined to appoint a married couple as lead plaintiffs because "[w]hile the 'size, available resources, or even experience of a candidate are not dispositive factors in appointing a lead plaintiff, they are nonetheless relevant to reaching a determination as to whether a candidate will be capable of adequately protecting the interests of the class.'" The court in *Diebold* further explained that the group of family members "as individual investors, have provided the Court with little to go on with respect to their alleged capacity to manage this litigation." *Id.*; *see also In re HEXO Corp. Sec. Litig.*, No. 19 Civ. 10965 (NRB), 2020 WL 5503634, at *2 (S.D.N.Y. Sept. 11, 2020) (declining to appoint lead plaintiff applicant due to doubts that applicant "about whom little is known – possesse[s] the requisite sophistication to serve as lead plaintiff." Here too, the Considine Family Group has provided this Court with little to go on with respect to their sophistication or capacity to manage this litigation and oversee counsel.

Courts routinely apply the *Varghese* factors when evaluating group lead plaintiff applications. *Varghese*, 589 F. Supp. 2d at 392. The five factors set forth in *Varghese* are (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa. *Id.* These factors weigh against appointing the Considine Family Group—there is no evidence it has been involved in the litigation at all up to this point, it has provided no plan for coordination among its members, and there is no evidence of sophistication. There is nothing in the Considine Family Group's application that explains how they determined to select counsel and move as a group. The fact that

9

the Considine Family Group appears to have a pre-litigation relationship is, as asserted above, insufficient to overcome this Court's long standing practice to not appoint groups of lead plaintiffs.

**C.**      **Maureen Considine and Jennifer Mauran Are Not Adequate Plaintiffs**

While the dearth of information about the Considine Family Group is troubling and alone provides sufficient grounds for the Court to reject it out of hand, the record shows that individually both Maureen Considine and Jennifer Mauran are inadequate and their appointment would not be in the best interests of the class. As outlined above, Maureen Considine's and Jennifer Mauran's careless errors in their sworn PSLRA certifications subject them to unique defenses. Neither Maureen Considine or Jennifer Mauran, nor their lawyers have provided an explanation for their failure to disclose hundreds of thousands of dollars in purchases of shares of the Fund.

Courts have disqualified lead plaintiff movants on adequacy grounds due to "significant errors and inconsistencies" in their motion papers. *Rodriguez v. DraftKings, Inc.*, No. 21 Civ. 05739 (PAE), 2021 WL 5282006, at *5, 9-10 (S.D.N.Y. Nov. 12, 2021) (finding lead plaintiff movant's careless errors in PSLRA certification weigh heavily against movant's appointment as lead plaintiff); *see also Plaut v. Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB), 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (finding that errors in lead plaintiff movant's PSLRA certification "speak[s] to a level of carelessness" and causes doubt as to whether the movant possesses the necessary adequacy and sophistication to be lead plaintiff); *Diebold*, 2019 WL 5587148, at *6 (finding that error in movant's PSLRA certification "indicat[ed] to the Court a 'certain carelessness about detail that undermines the adequacy' of the [movant] as a lead plaintiff… and militate[s] against appointment and render[s] [them] inadequate to serve as lead plaintiff") (internal citation and quotation omitted)". Maureen Considine's and Jennifer Mauran's massive revisions and lack of explanation for obvious errors is similar to that in *Diebold*, as the misstated loss totals in that case was "no slight error." *Id.*

10

Finally, Maureen Considine's and Jennifer Mauran's effort to correct their massive errors after the lead plaintiff deadline weighs heavily against their adequacy to serve as lead plaintiffs and is yet another reasons to reject the Considine Family Group. *See Rodriguez*, 2021 WL 5282006 at *9 (disqualifying lead plaintiff movant who filed "corrected" PSLRA certification after statutory deadline).

## III.    CONCLUSION

For the reasons set forth in his motion and set forth above, Mr. Fulford respectfully requests that the Court grant his motion and deny the Considine Family Group's motion.

Dated: October 2, 2025                          Respectfully submitted,

                                                /s/  Jeffrey P. Campisi
                                                Jeffrey P. Campisi
                                                Brandon Fox
                                                **KAPLAN FOX & KILSHEIMER LLP**
                                                800 Third Avenue, 38th Floor
                                                New York, NY 10022
                                                Telephone: (212) 687-1980
                                                Facsimile: (212) 687-7714
                                                jcampisi@kaplanfox.com
                                                bfox@kaplanfox.com

                                                *Attorneys for Movant Richard Fulford and Proposed*
                                                *Lead Counsel for the Proposed Class*

11

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum of law contains 3,349 words and complies with the type-volume limitation of Local Civil Rule 7.1(c) of the Local Rules of United States District Courts for the Southern and Eastern District of New York, dated January 2, 2025, and the Individual Practices in Civil Cases of the Hon. Denise Cote, United States District Judge, effective December 19, 2024. I also certify that this brief complies with the typeface and type style requirements of Local Civil Rule 7.1(b)(1)(2)(3).

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi

**CERTIFICATE OF SERVICE**

I, Jeffrey P. Campisi, hereby certify that, on October 2, 2025, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM/ECF system which will send electronic notices of the filing to all counsel of record.

*/s/   Jeffrey P. Campisi*
Jeffrey P. Campisi

12