**▦▦ KAPLAN FOX**

Jeffrey P. Campisi
800 Third Avenue, 38th Floor
New York, NY 10022
T: 212.687.1980
F: 212.687.7714
jcampisi@kaplanfox.com

January 23, 2026

**<u>Via ECF</u>**
Hon. Denise L. Cote
United States Courthouse
500 Pearl Street
Courtroom 18B
New York, NY 10007

*[handwritten: Granted.
Denise Cote
1/27/26]*

Re:    ***In re Easterly Rocmuni High Income Municipal Bond Fund,***
       **Case No. 1:25-cv-06028 (DLC)**

Dear Judge Cote:

My firm represents Lead Plaintiff Richard Fulford in the above-captioned action (the "Action"). Under Section 2(C) of Your Honor's Individual Practices in Civil Cases, we write to request relief from the stay of discovery under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(b)(3)(B) ("PSLRA"), for the limited purpose of serving document preservation subpoenas on: 1) nonparty Ultimus Fund Solutions, LLC ("Ultimus"), the Transfer Agent for the Easterly ROCMuni High Income Municipal Bond Fund (the "Fund"); 2) certain nonparty financial institutions;[1] and 3) a legal representative of the estate of Leonard M. Rush, who passed away on or around January 7, 2026.

There is ample justification for the partial lifting of the PSLRA discovery stay to preserve evidence. On December 29, 2025, Defendant James Alpha Funds Trust d/b/a Easterly Funds Trust (the "Easterly Trust") disclosed in a filing with the U.S. Securities and Exchange Commission that the Board of Trustees of the Easterly Trust approved a "Plan of Liquidation and Dissolution" for the Fund. *See* Attachment A. The disclosure further advised that "[s]hareholders should contact the Fund's Transfer Agent at c/o Ultimus [ ] . . . with any updates to their shareholder account information." In light of the Fund's liquidation, there is a risk that evidence relevant to the Action may be lost or destroyed.

It is likely that Ultimus possesses information relevant to the Action that is at risk of being lost or destroyed because, as a nonparty, Ultimus has no duty to preserve evidence. As the Fund's Transfer Agent, Ultimus plays an administrative and record-keeping role for the Fund. Ultimus therefore possesses information relevant to the Action, including class members' identities,

---

[1] The financial institutions include the following: 1) LPL Financial LLC, 2) RBC Capital Markets, LLC, 3) Stifel Nicolaus & Company, 4) Charles Schwab & Co., Inc., 5) Oppenheimer & Co. Inc., 6) National Financial Services, LLC, 7) Raymond James & Associates, Inc., 8) Raymond James Financial Services, Inc., 8) Janney Montgomery Scott LLC, 9) Robert W. Baird & Co., 10) Merrill Lynch, Pierce, Fenner & Smith Inc., and 11) Osaic Wealth, Inc. (collectively, the nonparty "Financial Institutions").

 **KAPLAN FOX**

account information, purchase and redemption requests, and communications with class members or their representatives.

Likewise, the nonparty Financial Institutions likely possess relevant information that may be lost absent preservation subpoenas. Class members purchased or redeemed shares through brokers or agents at these companies. Accordingly, these companies possess class-member identifying information, account data, transactional records, and related communications.

Finally, on January 14, 2026, a Suggestion of Death was filed noting that Mr. Rush, who was named as a defendant in the Amended Complaint (ECF No. 76), passed away on or around January 7, 2026. ECF No. 84. Until a substitute defendant is added to the Action, there is risk that information relevant to the Action may be lost or destroyed.

Courts routinely lift the stay of discovery under the PSLRA for the limited purpose of serving document preservation subpoenas on nonparties. For example, in *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583(WHP), 2012 WL 1438241, at *3 (S.D.N.Y. April 25, 2012), the Court determined that "status as a non-party significantly increases the risk that evidence may be lost. As such, 'courts have generally permitted plaintiffs in PSLRA actions to issue subpoenas that give specified third parties notice of the action and impose upon them only a duty to preserve certain relevant evidence in their possession.'" (quoting *In re Refco, Inc.*, No. 05 Civ. 8626(GEL), 2006 WL 2337212, at *5 (S.D.N.Y. Aug. 8, 2006)); *Gruber v. Gilbertson*, No. 16. Civ. 9727 (WHP), 2017 WL 3891701, at *4 (S.D.N.Y. Sept. 19, 2017) (same); *Koncelik v. Savient Pharm., Inc.*, No. 08 Civ. 10262(GEL), 2009 WL 2448029, at *3 (S.D.N.Y. Aug. 10, 2009) (authorizing plaintiff in PSLRA case to serve document-preservation subpoenas on third parties).

On January 16, 2026, counsel for the parties met and conferred. On January 23, 2026, counsel for Defendants informed Lead Plaintiff's counsel that Defendants take no position on this request and reserve all rights to challenge the scope of the subpoenas.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi