**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE EASTERLY ROCMUNI HIGH INCOME MUNICIPAL BOND FUND | : | No. 1:25-cv-06028-DLC<br><br>Judge Denise L. Cote |

## STIPULATED PROTECTIVE ORDER

WHEREAS, to facilitate the exchange of discovery, Lead Plaintiff Richard Fulford, and Defendants James Alpha Funds Trust d/b/a Easterly Funds Trust, Darrell Crate, Michael J. Montague, Neil Medugno, A. Clayton Spencer, Easterly Securities LLC, Managed Portfolio Series Trust, Benjamin J. Eirich, Brian R. Wiedmeyer, Robert J. Kern, David A. Massart, David M. Swanson, Ann Clark Johnston, as Personal Representative of the Estate of Leonard M. Rush, Deceased, and Quasar Distributors, LLC (collectively, "Parties"),[1] by and through their respective counsel, stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to the entry of the following Stipulated Protective Order ("Protective Order") to govern the use, production, storage, handling, and disclosure of documents, information, and testimony generated or produced in connection with the above-captioned action ("Action"):

WHEREAS, the Parties have moved this Court to order the adoption of this Protective Order; and

WHEREAS, the Court has reviewed the terms of the Protective Order.

ACCORDINGLY, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and

---

[1] Capitalized terms are as defined herein and in the Definitions section.

facilitate coordination in this Action, it is ORDERED pursuant to this Court's authority under Fed. R. Civ. P. 26(c):

## I. DEFINITIONS

A. "Confidential" means information of any type, kind, or character that a Designating Party believes in good faith constitutes, reflects, discloses, or contains: (i) information that the Designating Party reasonably believes constitutes a trade secret under applicable statutory and case law; (ii) information that the Designating Party reasonably believes constitutes sensitive technical or proprietary information that, if disclosed, may result in an unfair competitive, financial, or commercial advantage to others or disadvantage to the Designating Party; (iii) personal identifying information, personal data, sensitive personal data or personal financial information (for example, account and trading records of individuals), or other data the Designating Party believes in good faith to be subject to federal, state, or foreign data protection laws; or (iv) any other sensitive information or tangible things (regardless of how they are generated, stored, or maintained) that require protection under Federal Rule of Civil Procedure 26(c). A designation as Confidential can apply to information contained within a document, revealed during a deposition or other testimony, revealed in a written discovery response, or otherwise revealed. This Protective Order shall be understood to encompass not only those items or things that are expressly designated as Confidential, but also Confidential information contained in copies, excerpts, and summaries thereof, testimony, oral communications, and other work product.

B. "Confidential Discovery Material" means Discovery Material, or any portion thereof, that has been designated Confidential or that is required to be treated as Confidential under this Protective Order.

C. "Copies" means any photocopies, reproductions, duplicates, extracts, summaries, notes, or descriptions of Discovery Material.

D. "Designating Party" means any Party or Third Party who has designated the Discovery Material at issue as Confidential.

E. "Discovery Material" means Document(s), data, information, electronically stored information, responses to discovery requests and subpoenas under the Federal Rules of Civil Procedure, deposition testimony, transcripts of non-public hearings, affidavits, certifications, declarations, expert reports, and other information, including all copies, excerpts, and summaries thereof produced and/or received in this Action whether or not designated Confidential.

F. "Document(s)" as defined in Local Civil Rule 26.3(c)(2), is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

G. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H. "Producing Party" means any Party or Third Party that produces Discovery Material in this Action.

I. "Receiving Party" means any Party or Third Party that receives production of any Discovery Material in this Action.

J. "Third Party" means any individual or entity that is not a party to the Action.

## II. DESIGNATION OF CONFIDENTIALITY

A. Any Party or Third Party may designate any Discovery Material or portion thereof as Confidential by marking it with the word "Confidential."

B. Any Party or Third Party may designate any hearing, status conference, or deposition as Confidential by stating that designation on the record or, within seven (7) business

days after receiving a transcript of a hearing, status conference, or deposition, specifically designating by page and line number portions of the transcript and/or exhibits thereto as Confidential by giving notice to all Parties of the same. Until expiration of the 7-business day period, the entire transcript and any exhibits will be treated as Confidential subject to protection against disclosure under this Protective Order.

**C. Designation of Third-Party Produced Discovery Material**

i. Third Parties may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order, and thereby become a Designating Party and/or Receiving Party for purposes of this Protective Order. Except for the categories of persons to whom Confidential Discovery Materials may be disclosed, *see infra* at Section III(B), the ability of any such Third Party to become a Receiving Party is contingent on: (i) the Designating Party agreeing such Third Party may receive Confidential Discovery Materials; and (ii) such Third Party first signing a copy of the Declaration attached as Exhibit A to this Protective Order before receiving Confidential Discovery Materials.

ii. Absent agreement otherwise among the Parties and applicable Third Party, Discovery Material produced by a Third Party must be treated by the Receiving Party as Confidential for a period of twenty-one (21) calendar days from the date the Discovery Material is produced to all of the Parties. In the event any Third Party produces Discovery Material and fails to designate it as Confidential, within a period of twenty-one (21) calendar days from the date the Discovery Material is produced to all of the Parties, a Party with a good faith interest in the materials may designate such Discovery Material, or portions thereof, as Confidential pursuant to the provisions in Section II(A), by providing notice of such designation to counsel for all Parties within seven (7) calendar days of becoming aware of the production of the Discovery Material.

**D. Inadvertent Production and Correction of Designations**

i. Inadvertent production of any Discovery Material without a designation of Confidential will not be deemed to waive a later claim to its protected nature or preclude a Party or Third Party from designating said Discovery Material as Confidential pursuant to this Protective Order at a later date.

ii. A Designating Party that fails to designate Discovery Material as Confidential shall be entitled to make a correction to its designation by promptly serving written notice ("Notice of Correction") to the Receiving Party within seven (7) business days following the discovery of the inadvertent production without designation. The Designating Party shall produce corrected versions of the Discovery Material with the appropriate designation within seven (7) business days after serving the Notice of Correction. Upon receipt of the Notice of Correction, the Receiving Party shall (i) treat such Discovery Material with the protection specified in the Notice of Correction in accordance with the terms of this Protective Order from the date the Notice of Correction is received; (ii) take reasonable steps to notify any person or entity known to have possession of any Discovery Material that was incorrectly designated; (iii) promptly endeavor to procure all Copies of such incorrectly designated Discovery Material from persons or entities known to have possession of such Discovery Material who are not entitled to receipt of such Discovery Material under the terms of this Protective Order; and (iv) upon receipt of corrected versions of the Discovery Material with the appropriate Confidential designations, the Receiving Party will promptly destroy or return all of the inadvertently produced Discovery Material without designation to the Designating Party. Within seven (7) business days of receipt of the corrected versions of the Discovery Material with the appropriate designation, the Receiving Party of inadvertently produced Discovery Material without designation shall provide the Designating

Party with written confirmation that the inadvertently produced Discovery Material without designation was destroyed or returned, or of the Receiving Party's failure to procure any inadvertently produced Discovery Material without designation, including the identification of that Discovery Material and the person or entity known to be in possession thereof. Any objection to a correction shall follow the procedures set forth in Section IV of this Protective Order.

iii. The production of Discovery Material in an unredacted form that the Designating Party was entitled to redact or designate under this Protective Order shall not be deemed a waiver, in whole or in part, of a Designating Party's claim that such Discovery Material is Confidential.

**III. USE AND DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL**

A. Any Confidential Discovery Material produced in this Action shall be used only for purposes of this Action. Confidential Discovery Material shall not be used or disclosed for any other purpose, including but not limited to any business, competitive, personal, private, or public purpose. No Confidential Discovery Material, including but not limited to summaries of such Confidential Discovery Material, shall be produced or disseminated orally, or by any other means, except as permitted by this Protective Order.

i. The restrictions on the use and disclosure of Confidential Discovery Material set forth herein shall not apply to information that is publicly available at the time of its production in this Action, or thereafter becomes publicly available through no violation of this Protective Order, or that the Receiving Party lawfully obtains independently of discovery in this Action and without breach of an applicable confidentiality obligation. The public availability or independent acquisition of particular information shall not, by itself, prevent a party from asserting the protections of this Protective Order from other information contained in the same document or material.

B. Confidential Discovery Material shall not, without leave of this Court, be disclosed to any person or entity other than the following categories of persons:

i. Counsel for the Parties, and the employees of such counsel to whom it is reasonably necessary to disclose the information in this Action;

ii. The Parties, including officers, directors, and employees of a Party, to whom disclosure is reasonably necessary for this Action;

iii. The Court (and any appellate court), including court personnel;

iv. Any mediator or arbitrator, and the employees of such to whom it is reasonably necessary to disclose the information to assist the mediator or arbitrator in connection with this Action;

v. Employees of outside copying, document imaging, litigation and trial support, and facsimile services to the extent reasonably necessary to render professional services in this Action;

vi. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have executed a copy of the Declaration attached as Exhibit A to this Protective Order;

vii. Any insurer or reinsurer who may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment and who has executed a copy of the Declaration attached as Exhibit A to this Protective Order;

viii. The persons who authored, created, or contributed to the preparation of the Confidential Discovery Material, or who are shown as authors or recipients on the face of the Confidential Discovery Material;

ix. Representatives retained by a Party or their counsel to assist in this litigation, provided the representative first executes a copy of the Declaration attached as Exhibit A to this Protective Order. The Party shall maintain copies of all such Declaration(s) and certification(s);

x. Witnesses or deponents;

xi. Court reporters and their staff, or videographers;

xii. Professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Action; and

xiii. Any other person to whom the Designating Party agrees in advance of the disclosure, in writing or on the record, to disclose it.

C. Nothing herein precludes the use of Confidential Discovery Material at a deposition or hearing attended by the Parties in the Action provided the terms of this Protective Order are complied with.

D. All persons or entities subject to this Protective Order who receive Confidential Discovery Material, as well as any other individuals permitted to receive Confidential Discovery Material under any provision of this Protective Order, shall take all steps reasonably necessary to prevent disclosure of Confidential Discovery Material in accordance with the terms of this Protective Order.

E. If any Receiving Party receives from a Third Party (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards, or associations) a subpoena or other process that seeks production or disclosure of Confidential Discovery Material, the following provisions shall apply:

i. The subpoenaed Receiving Party shall promptly, and in any case within five (5) calendar days, give written notice by email to counsel for the Designating Party so that the Designating Party may have adequate time before the Confidential Discovery Material is to be produced to act pursuant to this Protective Order to guard against the disclosure of Confidential Discovery Material. The written email notice shall identify the Confidential Discovery Material sought and the response date of the subpoena or other process and include a copy of the subpoena or other process.

ii. The subpoenaed Receiving Party shall also promptly inform the person or entity seeking the Confidential Discovery Material that such information is subject to this Protective Order.

iii. Within five (5) calendar days of receipt of such notice, the Designating Party shall inform the subpoenaed Receiving Party or person either that it does not object to production of the Confidential Discovery Material, or that it will seek Court protection to prevent such production.

iv. If the Designating Party responds that it will seek court protection, then the subpoenaed Receiving Party or person may not produce the Confidential Discovery Material unless (1) the court denies such protection, or (2) the Designating Party fails to move the Court for such protection within twenty (20) calendar days of receiving notice of the request from the subpoenaed Receiving Party. The Receiving Party shall reasonably cooperate with the Designating Party, including with respect to participating in any court filings that the Receiving Party reasonably believes are necessary to avoid disclosure of Confidential Discovery Material.

**F. Use of Confidential Discovery Material in Court Submissions**

Any Party or Third Party seeking to file any pleading, brief, memorandum, motion, letter, affidavit, exhibit, or other document with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material must seek approval from the Court to file under seal, in accordance with the Local Rules and the Individual Rules of Judge Cote. If any Party or Third Party fails to file Confidential Discovery Material under seal, any Party or Third Party may request that the Court place such filing under seal. A Party or Third Party may submit a redacted filing contemporaneously with a motion to file under seal, provided the Party or Third Party completely redacts all Confidential Discovery Material, as well as anything that contains, reflects, mentions, or in any way reveals the contents of Confidential Discovery Material. If the Party or Third Party filing the motion to seal is not the Designating Party, the Designating Party shall file any additional information required to support a request to keep information under seal within five (5) business days of the filing of the initial motion to seal. A Designating Party's designation of Confidential Discovery Material alone does not justify sealing. A request to seal must be supported by competent evidence showing that sealing is essential to preserve higher values and is narrowly tailored to serve that interest, in accordance with the Individual Rules of Judge Cote.

**G. Improper Disclosure of Confidential Discovery Material**

If Confidential Discovery Material is disclosed to any person or entity other than in accordance with this Protective Order, regardless as to whether any such disclosure is inadvertent or otherwise, the Party or Third Party responsible for the disclosure shall (i) immediately notify the Designating Party, including bringing all pertinent facts relating to such disclosure to the attention of the Designating Party; (ii) use reasonable efforts to bind the recipient to the terms of

this Protective Order; (iii) use reasonable efforts to retrieve any Confidential Discovery Material, confirm the destruction of all work product and other materials referencing the Confidential Discovery Material, and otherwise prevent further unauthorized disclosure on its own part or on the part of the recipient of such Confidential Discovery Material; and (iv) request that the recipient of the Confidential Discovery Material sign the Declaration attached as Exhibit A to the Protective Order. All such efforts shall be without prejudice to the rights and remedies of the Designating Party.

In the event a Designating Party reasonably anticipates that its Confidential Discovery Material may be improperly disclosed, it may apply to the Court to obtain appropriate relief, including injunctive relief, which may be granted at the discretion of the Court.

## IV. OBJECTIONS TO DESIGNATION

A. In the event a Party objects to the designation of any Discovery Material as Confidential, the procedure set forth in Section IV(B) shall apply.

B. Counsel for the objecting Party shall serve on the Designating Party, and on all other Parties, a written objection to such designation which shall describe with particularity the Discovery Material in question, including document production numbers if available, and shall state the grounds for objection. Counsel for the Designating Party shall respond in writing to such objection within five (5) business days of receiving the written objection, and shall state with particularity the grounds for asserting that the Discovery Material is Confidential. If no timely written response is made to the objection, the designation against which the objection was made will be deemed to be void. If the Designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then meet and confer in good faith within three (3) business days of the date when the Designating Party's written response is dated in an effort to resolve the dispute. If the objecting Party and the Designating Party are unable to resolve

the dispute regarding the designation, the objecting Party may move the Court for a ruling that the designation is improper. Pending the Court's determination of the application of the designation, the designation of the Designating Party shall be maintained. The Designating Party bears the burden of persuasion that the Discovery Material is, in fact, Confidential.

C. Any Discovery Material that is the subject of such a dispute shall be treated as Confidential until the dispute is resolved.

D. If the Designating Party agrees to change or remove the designation, the Designating Party shall send a written notice of the change in designation to all other Parties and/or Receiving Parties.

## V. INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

A. If a Producing Party inadvertently produces Discovery Material subject to a claim of attorney-client privilege, attorney work-product protection, or other legal privilege or doctrine, or any other prohibition on disclosure under applicable law ("Inadvertently Produced Discovery Material"), such production, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Produced Discovery Material.

B. Federal Rule of Evidence 502(b) shall apply to the mistaken or inadvertent production of a privileged or work-product protected document.

C. If a Producing Party makes a claim of Inadvertently Produced Discovery Material, under Rule 26(b)(5)(B), the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the

information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

## VI. STORAGE OF CONFIDENTIAL DISCOVERY MATERIAL

A. The recipient of any Confidential Discovery Material that is provided under this Protective Order shall maintain such Confidential Discovery Material in a reasonably secure and safe manner, including reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such information against unauthorized access and any other reasonably anticipated threats or hazards, and that ensures that access is limited to the persons authorized under this Protective Order, and shall further exercise the same or greater standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information, but no less than the reasonable precautions set forth in this Protective Order.

B. If a Receiving Party or authorized recipient discovers any loss of Confidential Discovery Material or a breach of security, including any actual or suspected unauthorized access, relating to another Designating Party's Confidential Discovery Material, the Receiving Party or authorized recipient shall: (1) promptly provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Designating Party with assurances reasonably satisfactory to the Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach with respect to the Confidential Discovery Material. The Receiving Party or authorized recipient agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

## VII. PROCEDURE FOLLOWING FINAL ADJUDICATION

A. Subject to Section VII(B) below, within sixty (60) calendar days of the final resolution of this Action (which final resolution includes expiration of any time for appeal), the Parties, any other Receiving Party, and counsel having possession, custody, or control of any Confidential Discovery Material, shall ensure that the Confidential Discovery Material in their possession is returned to counsel for the Designating Party or destroyed in accordance with commercially reasonable methods. To the extent any portions of Discovery Material contain, reflect, or mention Confidential Discovery Material, they must be destroyed by the Parties and any other Receiving Party. The Parties and any other Receiving Party shall also obtain or make commercially reasonable efforts to destroy all such Confidential Discovery Material previously provided to any representatives or other individuals who executed a copy of the Declaration attached as Exhibit A to this Protective Order. At the conclusion of the 60-day period, each Party or Receiving Party shall certify, in writing, that (i) all Confidential Discovery Material in their possession has been returned or destroyed using commercially reasonable methods, subject to any governmental or regulatory retention obligations applicable to the Party or Receiving Party, and that (ii) all Discovery Material that contains, reflects, or mentions Confidential Discovery Material has been destroyed using commercially reasonable methods.

B. Outside counsel for the Parties or any other Receiving Party shall not be required to return or destroy any work product, including draft pleadings, and pretrial or trial records as are regularly maintained by that counsel in the ordinary course of business. To the extent such records contain Confidential Discovery Material, they shall continue to be maintained in accordance with this Protective Order.

## VIII. AMENDMENT OF THIS PROTECTIVE ORDER

This Protective Order may be amended with leave of Court for good cause shown, or by the agreement of the Parties in the form of a stipulation submitted to the Court for approval.

## IX. MISCELLANEOUS PROVISIONS

A. **Effective Date**: This Protective Order shall become effective and binding on all Parties and their counsel on the date the Court approves and enters this Protective Order.

B. **Duration**: This Protective Order is intended to regulate the handling of Discovery Material generated or produced in relation to the above-captioned matter, and shall remain in full force and effect until modified, superseded, or terminated by agreement of the Parties thereto or by Order of the Court. The obligations of this Protective Order shall survive any termination or resolution of this Action.

C. **Applicability to Future Parties**: The terms of this Protective Order shall be binding on all current and future Parties to this Action and their counsel.

D. **Inadmissibility of Protective Order**: This Protective Order, including any discussion of the procedures and provisions herein, shall not be admissible in evidence.

So ordered.

Denise Cote

11/10/24

SO STIPULATED AND AGREED.

DATED: November 9, 2026

**KAPLAN FOX & KILSHEIMER LLP**

*/s/ Fred S. Fox*
Fred S. Fox
Jeffrey P. Campisi
Donald R. Hall
Brandon Fox
Clara P. Abramson
800 3rd Ave., 38th Fl.
New York, NY 10022
Telephone: (212) 687-1980
ffox@kaplanfox.com
jcampisi@kaplanfox.com
dhall@kaplanfox.com
bfox@kaplanfox.com
cabramson@kaplanfox.com

*Counsel for Lead Plaintiff and the Proposed Class*

**SULLIVAN & CROMWELL LLP**

*/s/ David M.J. Rein*
Robert J. Giuffra, Jr.
David M.J. Rein
Morgan R. Knudtsen
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
knudtsenm@sullcrom.com

*Counsel for James Alpha Funds Trust d/b/a Easterly Funds Trust, Easterly Securities, LLC, Darrell Crate, Michael J. Montague, Neil Medugno, and A. Clayton Spencer*

**VEDDER PRICE P.C.**

*/s/ Joshua A. Dunn*
Joshua A. Dunn
Thomas P. Cimino Jr.
Steven J. Dollear
Nusra Ismail
1633 Broadway, 31st Floor
New York, New York 10019
Telephone: (312) 609-7784
jdunn@vedderprice.com
tcimino@vedderprice.com
sdollear@vedderprice.com
nismail@vedderprice.com

*Counsel for Managed Portfolio Series Trust, Benjamin J. Eirich, and Brian R. Wiedmeyer*

**OLSHAN FROME WOLOSKY LLP**

*/s/ John G. Moon*
John G. Moon
Adrienne M. Ward
Sahand Farahati
1325 Avenue of the Americas
New York, New York 10019
Telephone: (212) 451-2300
jmoon@olshanlaw.com
award@olshanlaw.com
sfarahati@olshanlaw.com

*Counsel for Robert J. Kern, David A. Massart, David M. Swanson, and Ann Clark Johnston, Personal Representative for Estate of Leonard Rush*

**GOODWIN PROCTER LLP**

*/s/ Daniel Roeser*
Daniel Roeser
Charles A. Brown
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800
droeser@goodwinlaw.com
cbrown@goodwinlaw.com

*Counsel for Quasar Distributors, LLC*

IT IS SO ORDERED.

DATED: ______________________

______________________________
The Honorable Denise L. Cote
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EASTERLY ROCMUNI HIGH INCOME MUNICIPAL BOND FUND | No. 1:25-cv-06028-DLC<br>Judge Denise L. Cote |

**EXHIBIT A**
**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, __________________________ [name], of ________________________ [address], declare under penalty of perjury that I have been provided the opportunity to read in its entirety, the Stipulated Protective Order ("Protective Order") that was issued by the U.S. District Court for the Southern District of New York, in the case of *In re Easterly ROCMuni High Income Municipal Bond Fund*, Civil Action No. 1:25-cv-06028-DLC, and that I have either read the Protective Order, or I have knowingly and voluntarily waived the reading of the entire Protective Order. I further declare that I understand I am not permitted to disclose any Confidential Discovery Material or use any Confidential Discovery Material for any purpose other than as permitted in the Protective Order. I agree to comply with, and to be bound by, the terms of the Protective Order. For purposes of enforcing the Stipulated Protective Order, I hereby agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York. I understand that violation of the Stipulated Protective Order is punishable by contempt of Court.

Date: ______________________________________

Signature: __________________________________